UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERMAINE OCTAVIA WINTERS                                          PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:09CV771-RHW

DONALD CABANA et al                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging (1) excessive force ; (2) retaliation; (3) procedural due process violations relating to his placement in administrative segregation (ad seg); and (4) deprivation of personal property.  The Court conducted a screening hearing on March 9, 2010.  On December 13, 2010, Defendants filed a [47] Motion for Summary Judgment and for Qualified Immunity.  Plaintiff has not filed a response to the motion.

Plaintiff alleges that on September 21, 2009, for no apparent legitimate reason, he was placed in ad seg and remained there for approximately three weeks.  He asserts that Defendants placed him in ad seg as retaliation for filing a prior lawsuit.  While in ad seg, Plaintiff's grandfather died.  Plaintiff was denied visitors and phone calls at this time, so he did not learn immediately of his grandfather's death.  He alleges emotional distress and anguish because he was not timely notified of his grandfather's death.

At his screening hearing, Plaintiff clarified that he was placed in ad seg for allegdly refusing lock down and refusing to remove paper from his window.  However, he asserted that he was innocent of both charges.  Plaintiff alleges that he did not receive any type of hearing or notice prior to being placed in ad seg, but he concedes that his punishment did not have any

effect on the duration of his confinement.  Plaintiff further states that every time he had any confrontation with officers at the jail they would comment on his prior lawsuit.  Plaintiff also alleges that Defendants Bruce and Cash lost some of his personal property.

In a later incident, Plaintiff alleges that he was subjected to excessive force by Defendant Michael Drongowski.  The altercation occurred on November 4, 2009, when Drongowski ordered Plaintiff to back away from a door.  Plaintiff refused.  Drongowski then threatened Plaintiff with a taser, eventually handcuffed him and wrestled him up stairs.  According to Plaintiff, Drongowski commented upon Plaintiff's lawsuit while dragging him handcuffed up the stairs.  Once inside Plaintiff's cell, Drongowski allegedly punched, kneed, and kicked Plaintiff.  As a result of the incident, Plaintiff had bruised and swollen wrists.  According to the medical records, Plaintiff reported a swollen hand and numb finger tips.  Medical personnel observed swelling and redness in Plaintiff's right hand and wrist area.  X-ray results were normal and showed no fracture or dislocation.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552."  *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for

summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

**Personal Property**

Plaintiff has failed to state a cause of action under the constitution for deprivation of personal property.  The Due Process clause is not implicated by a state official's negligent act causing unintended loss of property.  *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).  Likewise, intentional deprivations of property by state employees does not implicate the due process clause as long as there is an adequate state post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Murphy v. Collins*, 38 F.3d 541, 543-44 (5th Cir. 1994).  The State of Mississippi has an adequate post-deprivation remedy--namely, filing a lawsuit for conversion in state court.  *Nickens v. Melton*, 38 F.3d 183 (5th Cir. 1994).  Hence, Plaintiff's claim for deprivation of personal property, whether by negligence or intentional act, does not rise to the

level of a constitutional claim.

### Administrative Segregation and Due Process

Plaintiff has failed to state a constitutional claim against Defendants merely for the fact that he was placed in administrative segregation. Administrative segregation, being an incident of the ordinary life of a prisoner, will never be a ground for a constitutional claim absent exigent circumstances. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999). Plaintiff has not alleged any exigent circumstances. As such, Plaintiff does not allege any due process or other constitutional violation arising from his classification. *See Sandin v. Connor*, 515 U.S. 472, 485 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

In *Sandin*, the plaintiff was placed in disciplinary segregation for 30 days as punishment for violating prison disciplinary rules. *Id.* at 486. Specifically, the plaintiff directed angry and foul language at a prison guard during a strip search. The Court held that the plaintiff's confinement in disciplinary segregation for 30 days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* In interpreting *Sandin*, the Fifth Circuit in dicta stated that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Plaintiff has not alleged that the duration of his confinement was affected, only that he was placed in ad seg. Consequently, he has failed to state a constitutional claim. Moreover, his claims for emotional distress based on placement in ad seg are barred by operation of 42 U.S.C. § 1997e(e), because Plaintiff has not alleged a specific, physical injury resulting from the episode. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

**Excessive Force**

The Court will allow Plaintiff's claim of excessive force against Defendant Drongowski to go forward.  In order to establish a claim for excessive force, the plaintiff must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.  *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).  When determining whether a defendant used excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998).  Some of the relevant objective factors in the inquiry regarding the application of force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the defendant; and (5) any efforts made to temper the severity of the forceful response.  *Id.* at 838-39.

The relevant inquiry is whether the force used by the defendant was clearly excessive or clearly unreasonable and whether the totality of the circumstances justified the particular use of force.  If the defendant's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity.  *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008).

Plaintiff alleges that force was used against him resulting in an injury to his wrists and hands.  Defendant has presented summary judgment evidence that Plaintiff resisted, which resulted in the struggle and injuries to Plaintiff.  Plaintiff denies that he resisted.  Given this conflicting account and out of an abundance of caution, the Court finds that Plaintiff's excessive

force claim should be allowed to proceed to trial.

### Retaliation

The Court also finds that Plaintiff's retaliation claims should be allowed to proceed at this time. To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional right; (2) the defendants intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising of his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

At the screening hearing, Plaintiff alleged that approximately three weeks after making his first court appearance in a prior lawsuit, he was placed in ad seg. He further indicated that prison guards made comments referring to his lawsuits whenever he had confrontations with the guards and in conjunction with punishments levied against Plaintiff. According to Plaintiff, Drongowski commented on Plaintiff's lawsuit during the November 4, 2009, altercation. Plaintiff also alleged that Defendant Cabana was aware of Plaintiff's placement in ad seg and that Plaintiff had a conversation with Defendant Cabana about the situation. Plaintiff asserts that Defendant Cash was the officer responsible for putting Plaintiff in ad seg. At the screening hearing, Plaintiff indicated that Defendant Bruce merely assisted Defendant Cash in taking him to ad seg.

Based on the foregoing, the Court will allow Plaintiff to proceed against Defendants Cabana, Cash, and Drongwoski on the issue of retaliation. *See Hart v. Hairston*, 343 F.3d 762, 763 (5th Cir. 2003); *Woods v. Smith*, 60 F.3d 1161, 1162-63 (5th Cir. 1995). Plaintiff has failed to make out a sufficient claim for retaliation against Defendant Bruce; therefore, the motion for summary judgment should be granted with respect to him.

IT IS THEREFORE ORDERED AND ADJUDGED that the [47] Motion for Summary Judgment and Qualified Immunity is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that this matter will be allowed to proceed to trial on Plaintiff's claim of excessive force against Drongowski and on Plaintiff's claim of retaliation against Drongowski, Cash, and Cabana. All other claims and parties are dismissed with prejudice.

SO ORDERED, this the 23rd day of February, 2011.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE